ALICE M. BATCHELDER, Circuit Judge,
concurring in part and dissenting in part.
CONCURRING IN PART AND DISSENTING IN PART
I concur in Sections I through III of this panel’s opinion, but I dissent from Section IV. I would hold that Mokdad’s challenge to the TSC’s inclusion of his name on the No-Fly List is inescapably intertwined with the actions of the TSA and DHS. Therefore, according to the broad language of 49 U.S.C. § 46110, original jurisdiction lies in this court, not in the district court.
As stated in the panel’s decision, “[a] claim is inescapably intertwined [with an agency order] if it alleges that the plaintiff was injured by such an order and that the court of appeals has authority to hear the claim on direct review of the agency order.” Merritt II, 245 F.3d at 187 (citing City of Tacoma, 357 U.S. at 336, 339, 78 S.Ct. 1209). Here, Mokdad’s challenge to the TSC’s placement of his name on the *816 No-Fly List implicates two other relevant agency actions. First, the TSA prevented Mokdad from boarding flights to and from the United States. Second, the DHS denied Mokdad’s request for relief in a TRIP determination, stating that no changes or corrections were warranted at that time. Both of these other agency actions are specifically mentioned in Mokdad’s complaint. In the absence of these other agency actions, Mokdad would not have suffered the damages he alleged and his challenge to the TSC’s action would be meaningless. The actions of the TSA and DHS give teeth to the actions of the TSC and therefore they must be considered together. Thus, Mokdad’s challenge to the' No-Fly List is inescapably intertwined with the TSA’s decision to prevent him from boarding and the DHS’s determination to deny him relief.
For these reasons, I dissent from Section IV of this panel’s decision. Original jurisdiction properly lies in this court, not in the district court.